WILLIAMSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 20 — April 25, 1889.*

*Embezzlement of stock certificate: Evidence.*

1. The secretary of a corporation had given his note to it in payment for certain shares of stock, and had deposited the stock certificate as collateral security. Afterwards, having as secretary the custody of such certificate, he pledged it as collateral security to his note to a bank. There was no evidence that at the time of so doing he claimed to be the absolute owner of the certificate, or that he attempted to pledge the interest of the corporation therein; and the stock was not transferred on the books. Under secs. 1751, 1756, R. S., the corporation had a lien upon the stock for all debts due to it from the owner, continuing until the stock should be transferred on the books and such owner discharged. *Held,* that the secretary was not guilty of an embezzlement of the certificate.
2. Evidence that the private accounts of the secretary with the corporation or with other parties was overdrawn was not admissible to show his motive in pledging the certificate.

ERROR to the Municipal Court of *Rock* County.

The case is stated in the opinion.

For the plaintiff in error there was a brief by *M. G. Jeffris,* and the cause was argued orally by *Mr. Jeffris* and *O. H. Fethers.*

For the state there was a brief by the *Attorney General* and *L. K. Luse,* Assistant Attorney General, and the cause was argued orally by *B. M. Malone* and *L. K. Luse.* They contended, *inter alia,* that evidence that the accused had

overdrawn his accounts, that he had embezzled checks, etc., was admissible for the purpose of proving the intent with which the certificate was taken.  3 Greenl. on Ev. secs. 15, 53, note *a; People v. Gray*, 66 Cal. 271; *Regina v. Richardson*, 2 Foster & F. 343; 1 Roscoe Crim. Ev. 100; *Comm. v. Tuckerman*, 10 Gray, 173.  See, also, *Albricht v. State*, 6 Wis. 74, 79; *State v. Miller*, 47 id. 530; *Boyle v. State*, 61 id. 446; *State v. Cole*, 19 id. 129; *Taylor v. State*, 22 Tex. App. 529; *Botomley v. U. S.* 1 Story, 136; *Comm. v. Turner*, 3 Met. 19; *Rex v. Roberts*, 1 Campb. 399; *Queen v. Francis*, L. R. 2 Crown Cas. 128.

COLE, C. J.  The plaintiff in error was tried and convicted in the municipal court of Rock county of the crime of embezzlement.  The information contained several counts, but it is conceded that he was convicted of the offense set out in the second count.  That count, in effect, charges, after setting out the incorporation of the Janesville Shoe Company, and the issuing of thirty-five shares of the stock of the corporation to the plaintiff in error, for which he gave his promissory note in payment, and deposited with the corporation his certificate of stock as collateral security therefor, that the plaintiff in error was secretary of the corporation, and as such secretary received and had possession and control of said certificate of stock and was intrusted with the safe-keeping thereof for the corporation; that he did, on the 24th day of January, 1885, without the knowledge and consent of the corporation, the said certificate of stock feloniously and unlawfully, with intent to defraud the corporation, embezzle and fraudulently convert to his own use, which said certificate it was alleged was the special property of the corporation and was of the value of $3,500.  The alleged felonious conversion consisted in this: That on the 24th day of January, 1885, the plaintiff in error took the certificate and delivered it to the Merchants'

& Mechanics' Savings Bank as security for a note which he gave the bank, on which he received $2,500, which was placed to the credit of the shoe company and went into its treasury.

There are a number of errors assigned for a reversal of the judgment, but as we are all of the opinion that there is no evidence of an unlawful conversion of the certificate with intent to defraud the shoe company, and this being a vital point in the case, we shall not notice these errors at any length. The evidence, we think, conclusively shows that the plaintiff in error deposited the certificate of stock with the bank as collateral security for the payment of his note. It does not, however, appear that he claimed to be the absolute owner of the certificate, or that he attempted to pledge the interest of the shoe company in it. The statute gave the corporation a lien upon the stock for all debts due it from the owner thereof (sec. 1751, R. S.), and this lien continued until the stock was transferred upon the books of the corporation and the stockholder was by agreement discharged from his liability to it for his unpaid subscription (sec. 1756). All persons purchasing the stock certificate or dealing with it in any manner were chargeable with notice of these provisions of the statute, and must have known that the plaintiff in error could only pledge his residuary interest in the certificate. There could be no complete and valid transfer of the stock, except between the parties thereto, until the stock had been transferred upon the books of the corporation, and the lien of the shoe company could not be impaired by the disposition which the plaintiff in error made of the certificate; for, so long as the plaintiff in error did not injure or impair the rights of the shoe company in the stock or certificate, he might pledge his interest in the same, whatever that might be. We cannot presume or infer from the evidence that he attempted to do anything more than this, or that the statu-

tory lien of the shoe company was at all affected by the use he made of it. It is said by the attorney general that the pledging of the certificate without the consent of the shoe company was of itself *prima facie* evidence of the intent to embezzle it under sec. 4419, R. S. If there was any evidence which tended to prove that the plaintiff in error claimed to be the absolute owner of the certificate, or that he attempted to pledge the interest of the shoe company therein, the above section would apply. But there is nothing to show that he attempted to do more than transfer his interest, subject, of course, to the lien of the shoe company. We are therefore constrained to hold that there is no proof of an unlawful conversion of the certificate with intent to defraud the shoe company or injuriously affect its rights, by the disposition which the plaintiff in error made of the certificate. Of course, there must be clear and satisfactory evidence of the commission of the crime to sustain a conviction. And the offense charged is the embezzlement of the certificate, and we can only consider the evidence relevant to that issue. As we deem this point fatal to the conviction, we do not reach the other errors assigned.

But, were it necessary to consider them, we should feel compelled to hold that the evidence that the private accounts of the plaintiff in error were overdrawn was improperly received. It is said this evidence was admissible to explain his motive or intent in pledging the certificate. But what connection had his private accounts with the shoe company or the combination burnishing machine company or any other party with the offense charged, or how did the state of those accounts tend to throw light on what were his motives and intention in doing the act complained of? We think the evidence was calculated to prejudice the plaintiff in error in the minds of the jury, and should have been excluded.

Some of the remarks of counsel on the part of the state in opening the case to the jury, as well as in the closing argument, were improper, and should not have been made. We do not stop to comment on them, as a proper sense of professional propriety will indicate to counsel what we have in mind.

For the reason first given the judgment of the municipal court is reversed, and the cause is remanded for a new trial.

*By the Court.*— Ordered accordingly.