STATE, RESPONDENT, *v.* HARRIS, APPELLANT.

(No. 3,716.)

(Submitted December 15, 1915.    Decided December 27, 1915.)

[154 Pac. 198.]

*Criminal Law—Rape—Evidence — Similar Acts—Election by County Attorney—Instructions—Harmless Error.*

Rape—Evidence—Similar Acts—When County Attorney must Elect.
　　1. At a trial for statutory rape, after the prosecuting witness had testified to several acts of sexual intercourse between herself and defendant, the latter's counsel objected to evidence tending to establish any act other than one fixed as having occurred on a certain day, and suggested to the court that the county attorney be required to elect upon which act he would ask for a conviction. The court declined

to so direct, and further testimony relating to still other acts was introduced. At the close of the state's case the prosecuting officer was ordered to make an election. *Held,* that though the more orderly procedure would be to require earlier action by the county attorney, the course pursued could not have prejudiced defendant, in view of the court's instructions admonishing the jury as to which particular act alone a convicton could be had.

Same—Similar Acts—Evidence—Admissibility.
   2. In prosecutions for statutory rape, proof of similar acts by the defendant and the prosecuting witness is admissible to corroborate the testimony of the latter.

   [As to evidence of similar acts with same female in trials for statutory rape, see note in 48 L. R. A. (n. s.) 236.]

Same—Instructions—Harmless Error.
   3. Where the county attorney, by the court's direction, made an election of one of a number of acts of sexual intercourse between defendant and prosecutrix as basis for a conviction, and the jury were told in the charge that conviction could follow for no other act than the one so selected, the date of which as within the period of limitation was not questioned, a further instruction that unless the sexual intercourse was had at any time within five years prior to the filing of the information was superfluous, but could not have prejudiced defendant.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

D. H. HARRIS was convicted of statutory rape, and appeals from the judgment of conviction and an order denying his motion for a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Mr. H. C. Crippen,* for Appellant.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. C. S. Wagner,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant, charged by information with statutory rape by having unlawful sexual intercourse with Vivian Brooke, a female under the age of eighteen years, was convicted and sentenced to a term of service in the state prison. He has appealed from the judgment and an order denying his motion for a new trial.

The charge in the information is that the crime was committed on December 1, 1914. The evidence of the prosecuting witness disclosed that the first act of sexual intercourse between the defendant and herself occurred on or about August 1, 1914, in the outskirts of the city of Billings. After the witness had testified to a similar act which she said had occurred about two weeks later, counsel for defendant objected to evidence tending to establish any act other than the first, and suggested that the county attorney be required to elect upon which act he would ask for a conviction. The objection was overruled and the suggestion disregarded. The witness then, without further objection, testified to several acts after that time, covering the period until January 1, 1915, the exact date at which any one of them occurred and attendant circumstances not being stated, except as to one which she stated had occurred in the defendant's barber-shop in Billings on the evening of December 25. At the close of the state's case the court, on formal motion of counsel, required the county attorney to elect upon which of the several acts he would rely. He elected to stand on the one which occurred on the evening of December 25. The charge to the jury contained these paragraphs:

"No. 10. You are instructed in this case it is not necessary for the state to prove the date of the alleged offense precisely as charged in the information herein. Therefore, if you find and believe from the evidence in this case, beyond a reasonable doubt, that the defendant, D. H. Harris, at the county of Yellowstone and state of Montana, accomplished an act of sexual intercourse with the prosecuting witness, Vivian Brooke, as alleged in the information, and that at the time of such intercourse the said Vivian Brooke was under the age of eighteen years, and not the wife of the defendant, and you further find that such intercourse was had at any time within five years prior to the filing of the information in this case, then you should find a verdict of guilty.

"No. 17. The court instructs the jury, that the state in this case has selected the particular act of sexual intercourse

alleged to have taken place at the defendant's barber-shop on Christmas night of 1914, as the act upon which they are to depend for conviction, and you are instructed that in this case, unless it is proven to you beyond all reasonable doubt that the defendant had said act of sexual intercourse with Vivian Brooke, then you are to find the defendant not guilty.''

"No. 18. The court instructs the jury, that the state having selected the act of sexual intercourse alleged to have taken place at defendant's barber-shop on Christmas night of 1914, as the alleged act of intercourse on which they intend to rely for conviction, any testimony as to any other acts of intercourse by the defendant with the complaining witness Vivian Brooke at any other time is to be disregarded except in so far as it is corroborative of the act alleged to have been committed at the barber-shop on Christmas night, and that unless the state proves to you beyond all reasonable doubt that the defendant had said particular act of sexual intercourse with Vivian Brooke, then you are to find the defendant not guilty.''

It is argued that the court committed prejudicial error in failing to require the county attorney to announce his election [1] when the suggestion was first made. Some of the courts hold to the rule contended for by counsel. (*People* v. *Castro,* 133 Cal. 11, 65 Pac. 13; *People* v. *Williams,* 133 Cal. 165, 65 Pac. 323; *People* v. *Flaherty,* 162 N. Y. 532, 57 N. E. 73; *State* v. *Hilberg,* 22 Utah, 27, 61 Pac. 215; *Newsom* v. *Commonwealth,* 145 Ky. 627, 140 S. W. 1042; *People* v. *Jenness,* 5 Mich. 305; *Elam* v. *State,* 26 Ala. 48.) The rule deducible from these cases is that, while the specific act alleged in the information need not be proved as charged and conviction may be had upon proof of any of the acts of the same kind, provided it occurred within the period of limitation prior to the filing of the information, when the evidence discloses two or more offenses, the defendant is entitled to know against which he is required to defend, and if the court does not require an election to be made at the opening of the trial, the law makes the election of the first act disclosed. The reasoning of these cases is exemplified

by this quotation from *People* v. *Jenness, supra:* ''The prosecutor having the right to select among all the acts of the kind which he could prove to have been committed between the parties, within the period alluded to, and within the jurisdiction, any one of those acts, before evidence had been introduced, was as properly the act charged in the information as any other. In other words, until evidence of some such act had been given, the charge in the information was floating and contingent, aimed as much at one as another, and at no one act in particular; and it remained for the evidence to point the charge to the particular act intended. But when evidence had been introduced tending directly to the proof of one act, and for the purpose of procuring a conviction upon it, from that moment that particular act became the act charged. What had, till then, been floating and contingent, had now become certain and fixed. The prosecutor had made his election, and could not elect again; nor could he be allowed to prove any other act of the kind as a substantive offense upon which a conviction might be had in the cause. The information could be used as a drag-net only till the first act had been entangled in its meshes. Every other act must be allowed to escape this throw of the net, and thenceforth the evidence must be aimed at this act. If others of the same kind lie in the same range, they can only be noticed for a secondary purpose, as they may be connected with or bear upon this.'' This reasoning seems to us to give importance to form rather than substance.

Other courts have announced the view that an election made at the close of the state's case serves all useful purposes, and we think this view is founded upon the better reasoning. (*State* v. *Acheson,* 91 Me. 240, 39 Atl. 570; *State* v. *Parish,* 104 N. C. 679, 10 S. E. 457.)

It is settled law in this jurisdiction that in this class of cases **[2]** proof of similar acts by the defendant and the prosecuting witness is always admissible to corroborate the testimony of the latter. (*State* v. *Peres,* 27 Mont. 358, 71 Pac. 162; *State* v. *Vinn,* 50 Mont. 27, 144 Pac. 773.) The rule is recognized by

all the cases cited. Since the evidence is admissible, what sub-
stantial difference can it make to the defendant whether it
comes into the case prior or subsequent to the time at which he
is given the information that conviction will be asked for upon
the particular act? Of course he is entitled to have this infor-
mation before he enters upon his defense, and either by ad-
monitions given the jury at the time or in the formal instruc-
tions to have them specifically informed that evidence of other
such acts than the one selected is to be considered for the sec-
ondary purpose of corroboration only. He cannot be required
to make defense against but a single act. The statute declares
that the charge must be ''a statement of the facts constituting
the offense, in ordinary and concise language, and in such man-
ner as to enable a person of common understanding to know
what is intended.'' (Rev. Codes, sec. 9147.) But when he has
committed several acts constituting a series, upon proof of any
one of which he may be convicted, of what substantial conse-
quence is it to him that the prosecuting officer does not make
his selection of the particular act until the close of the state's
case? To be sure it would be the more orderly procedure to
require an earlier selection, but the court may in its discre-
tion control the order of proof, and if at the proper time and
in the proper way it admonishes the jury as to the particular
one for which alone a conviction may be had, the defendant
has no just cause of complaint. At most, the course of pro-
cedure adopted by the trial court can be regarded as nothing
more than an irregularity which this court must disregard.
(Rev. Codes, sec. 9415). The omission to give specific instruc-
tions would be prejudicial error, for otherwise each juror would
be left to select the particular act upon which he would cast
his vote, and the result might be that the defendant would be
convicted of several acts instead of one. We think the court
fully discharged its duty in requiring the county attorney to
elect at the close of the state's case. If a jury is to be regarded
as having any intelligence, in view of the specific directions
in instructions 17 and 18, *supra,* the jury in this case could not

have entertained any doubt as to the limitation imposed upon them.

It is argued that the court committed prejudicial error in [3] submitting paragraph 10 of its charge. We agree that under the facts in this case, the latter part of the instruction relating to the period of limitation applicable should have been omitted. There was no question that the offense, if committed at all, had been committed within that period. Evidently the court had in mind the section of the statute (Rev. Codes, sec. 9152), declaring that the precise time of the criminal act need not be alleged in the information, but that it may be alleged as having occurred at any time before the filing thereof. Under the specific direction given in paragraphs 17 and 18, an instruction on this subject was not necessary. Even so, under these instructions the jury could not have understood that they could convict for any act other than that which occurred on December 25, 1914. Nor do we think the paragraph in conflict with the others. As limited and explained by them, the power of the jury was sufficiently defined.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.