### FRANK WALKER V. THE STATE.

No. 9980. Delivered March 24, 1926.

**1.—Rape—Evidence—Of Extraneous Crimes—Improperly Admitted.**

Where on a trial for rape, the state's testimony in the case was positive and was undisputed, except by circumstances, and appellant did not deny the act of intercourse, it was error to admit testimony, to prove system, of other assaults committed by appellant on other women. Under the facts in this case the testimony of the collateral transactions was clearly inadmissible to prove motive or system.

**2.—Same—Evidence—"System," and "Systematic Crimes"—Distinguished.**

The fact that two or more crimes may have been committed the same way, does not show "system." There is a clear distinction between "system" and "systematic crimes." This distinction is illustrated in the case of Long v. State, 39 Texas Crim. Rep. 546 and numerous other cases cited.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction of rape, penalty five years in the penitentiary.

The opinion states the case.

*F. O. Fuller* of Houston for Appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is rape; the punishment is five years in the penitentiary.

The state's testimony shows that the appellant came to the boarding house of the prosecutrix and represented to her that he desired to employ her to nurse his baby and act as a companion for his wife, and believing said representation, she went with him on the street car to the end of the same, and then walked with the appellant through a woods until they had reached a rather secluded spot, when appellant by drawing a pistol on her, forced her to have intercourse with him. The prosecutrix testified that appellant represented to her that he lived in the direction in which they were going and that she thought he was taking her to his home for the purpose of giving her employment. The appellant did not testify in the case.

By various bills of exceptions complaint is made at the court's action in permitting the state to prove assaults similar to this one, alleged to have been committed by the appellant on various other parties in the city of Houston. Bill of exception No. 6 shows that a negro woman was permitted to testify that appellant came to her house on Gable street, in 1923, and told her he wanted somebody to work for him, and she consented to take the job, and went with the defendant to Independence Heights, at his instance and direction, and they got on a street car and later got out and went down the railroad track into the woods somewhere, and when they got in the woods, the appellant held a gun on the witness and forced her to have intercourse with him. Similar testimony was given by various other witnesses, as to assaults made on them by appellant. The learned trial court told the jury in his charge that if they believed the state had connected the defendant with collateral assaults before they could consider same, they must believe that said assaults had been committed by defendant, and if they found same had been so committed, then not to consider them for any purpose except to illustrate system, motive and intent of the defendant, if said collateral assaults did illus-

trate system, motive and intent in committing the offense for which the defendant was on trial. The state's testimony in the case was positive and was undisputed except by circumstances. Appellant did not deny the act of intercourse with the prosecutrix. Under the facts in this case the testimony of the collateral transactions above mentioned was clearly inadmissible. Mr. Branch has correctly stated the rule as follows:

"The fact that two or more distinct crimes may have been committed the same way does not show 'system.'" Long v. State, 39 Tex. Crim. Rep. 546; Smith v. State, 52 Tex. Crim. Rep. 80; Greer v. State, 222 S. W. 986; Cano v. State, 225 S. W. 1097; Hunt v. State, 229 S. W. 873; Gregory v. State, 244 S. W. 617. These cases, properly understood, present a very clear distinction between "system" and "systematic crimes." The facts in this case clearly show that the testimony complained of comes under the category of "systematic crimes" rather than under "system." We deem it unnecessary to discuss the matter at length. The authorities above cited, as well as many others that might be collated, clearly condemn the admission of the testimony complained of, under the facts of this case.

There are other complaints found in the record in this case, but as they may not occur in the same form in the event of another trial, we do not deem it necessary to consider same. For the error in admitting the testimony concerning extraneous crimes, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been approved by the Judges of the Court of Criminal Appeals.