No. 26,298.

THE STATE OF KANSAS, *Appellee,* v. NELSON BISAGNO, *Appellant.*

SYLLABUS BY THE COURT.

1. CONTINUANCE — *Indorsement of Witnesses on Information — Discretion of Court.* The defendant, charged with the offense of statutory rape, asked a continuance of the trial over the term because the names of three witnesses had just been indorsed on the information by the state. The trial was postponed four days, but a continuance to the next term of court was denied. *Held,* that the ruling was not an abuse of the discretion vested in the court.

2. RAPE—*Proof of Date—Instructions.* There was no error in the giving of an instruction that it was not necessary for the state to prove the exact date upon which the offense was committed, if one was committed, but was sufficient if the state had shown beyond a reasonable doubt that the offense charged was committed on or about the date alleged and within two years next preceding the commencement of the prosecution.

3. SAME—*Evidence—Proof of Other Acts.* In a prosecution for statutory rape, evidence of other acts of sexual intercourse near the same time may be admitted to show the lustful disposition of defendant, in corroboration of other testimony of the prosecution.

4. CRIMINAL LAW — *Trial — Withdrawal of Improper Testimony.* The withdrawal by the court of testimony improperly admitted accompanied by an admonition that the jury must disregard it will ordinarily cure any error in its admission.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed June 12, 1926. Affirmed.

*G. H. Lamb,* of Yates Center, and *Robert H. Clogston,* of Eureka, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *J. F. Darby,* county attorney, for the appellee; *S. F. Wicker* and *Gordon A. Badger,* both of Eureka, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.:  Nelson Bisagno was convicted of carnally knowing Wilma Holderman, a female child of the age of fifteen years, and appeals.

He assigns errors on rulings denying a motion for a continuance, the admission of certain evidence, the giving of certain instructions, and the denial of his motion for a new trial. The case was assigned

---

Criminal Law, 16 C. J. pp. 541 n. 89, 485 n. 44, 510 n. 3, 530 n. 49, 610 n. 17; 17 C. J. pp. 235 n. 89, 264 n. 88, 267 n. 99, 326 n. 80. Rape, 33 Cyc. pp. 1453 n. 10, 1484 n. 5, 1486 n. 12, 1501 n. 12; 62 L. R. A. 329; 48 L. R. A. n.s. 237; 22 R. C. L. 1206.

State v. Bisagno.

for trial on January 21, 1925, and on the nineteenth of that month he moved for a continuance to the succeeding term of court, for the reasons that the state had indorsed the names of three additional witnesses upon the information, one of whom was Thelma Hoggatt, and that his counsel had not proper opportunity to inquire as to the added witnesses and the materiality and importance of their testimony. He alleged that he had been arrested on January 21 upon a charge of statutory rape on Thelma Hoggatt, one of the added witnesses, and that the preliminary hearing on that charge had been set for January 23, and that he could not safely proceed to trial on the Holderman charge until the next term of court. While the court declined to continue the case over the term, the trial was postponed to January 25. The reassignment of the case to the later date gave defendant a fair opportunity to investigate the added witnesses. Under the circumstances the time to which the case should be continued was largely a matter for the discretion of the court. Defendant was not entitled to a continuance over the term as a matter of right, and by reason of the postponement he was enabled to make an investigation as to the new witnesses. It was held in a homicide case that:

"A continuance is not ordinarily demandable as a matter of right because the names of witnesses are indorsed on the information at the commencement of a trial." (*State v. Mullins,* 95 Kan. 280, syl. ¶ 5, 147 Pac. 828.)

It appears that his rights in this regard were protected, and certainly the refusal of a further continuance cannot be regarded as an abuse of the discretion vested in the court.

Error is assigned upon an instruction that:

"It is not necessary for the state to prove the exact date upon which the offense was committed, if an offense was committed, but it is sufficient if the state has shown beyond a reasonable doubt that the offense charged was committed on or about the date alleged and within two years next preceding the commencement of this prosecution."

It is insisted that as the date of the offense was stated in the information, it was error to instruct that evidence of the commission of the offense at another or a later time might be considered. The matter of time was not material except to confine the proof to the commission of the offense within the period of time fixed by statute. (R. S. 62-1006; *State v. Barnett,* 3 Kan. 250; *State v. Harp,* 31 Kan. 496, 3 Pac. 432; *State v. Brooks,* 33 Kan. 708, 7 Pac. 591; *Topeka v. Crawford,* 78 Kan. 583, 96 Pac. 862; *State v. Bowman,* 106 Kan. 430, 188 Pac. 242.)

It is argued that there was a special reason to confine the proof to the alleged date, since one of the defenses made was an alibi, but no prejudice could have resulted in that regard, since only one unlawful act was charged, and the proof received related only to that act which occurred on the night of an election, November 4, 1924. There was no uncertainty as to time, either in the charge or in the evidence, and hence the defendant could not have been embarrassed in meeting that element of the case.

There is a further contention that the evidence does not sustain the verdict, but we find the record contains direct and substantial evidence which if worthy of belief was sufficient to uphold the verdict. There is no occasion to recite and analyze the testimony, as the credibility of witnesses and the truth of their testimony have been considered and determined by the triers of the facts.

Another assignment is that error was committed in the admission of testimony that defendant had sexual intercourse with Thelma Hoggatt. It is contended that proof of another independent offense was not only incompetent but very prejudicial to the defendant. Of course the defendant could not be tried for an offense other than the one charged, nor could any proof be received unless it tended to prove the offense specifically alleged in the information. However, if the evidence tended to prove that defendant was guilty of the particular offense charged, it was admissible, although it may have tended to prove his guilt of another offense. In offenses of this class, proof of other acts of intercourse may be received to show the lustful disposition of defendant. In *State v. Stitz*, 111 Kan. 275, 206 Pac. 910, a prosecution for statutory rape, it was said:

"While the general rule is that one crime cannot be established by proof of other independent crimes, there are well recognized exceptions to the rule, and one of them is that in sexual offenses proof of prior and subsequent acts of intercourse are admissible to show the lustful disposition, the existence and continuance of the illicit relation, as these tend to explain the act charged and corroborate other testimony of the prosecution. The exception has been so frequently and thoroughly considered that there is no occasion for further consideration or comment."

Reference is made to the many cases there cited. See, also, *State v. King*, 111 Kan. 140, 206 Pac. 883.

The evidence of other acts of sexual intercourse about the same time tended to show a lustful disposition and to supplement and support other evidence of the state that he committed the offense

charged. If the testimony may be regarded as inadmissible, the subsequent proceedings rendered it innocuous. After it had been admitted over objection, the judge at a later stage of the trial expressed doubts as to the competency of the evidence, and thereupon advised the jury that he was withdrawing from their consideration all evidence pertaining to the Hoggatt transaction, telling them that no part of it should be taken into consideration in determining the guilt of the defendant of the offense against Wilma Holderman. While it is said that the impression and influence resulting from the evidence could not be eradicated from the minds of the jury by its withdrawal and the instruction of the court to disregard it, it must be assumed that the jurors were intelligent and honest enough to observe the express instruction of the court. It is well known that jurors give close attention to statements made by the judge during a trial, and are strongly inclined to follow any suggestions made by him as to the materiality and application of evidence and the force to be given it. Assuming that error was committed in the admission of the evidence, we think it was cured by the withdrawal of the same and the admonition of the court that it should be given no consideration in determining the guilt or innocence of the defendant.

Finding no error, the judgment is affirmed.