## BAYGENTS v. STATE.*

(Division A. Nov. 15, 1926.)

[110 So. 114. No. 25413.]

1. CRIMINAL LAW.

Admission of confessions of commission of subsequent and wholly disconnected crime *held* error, requiring reversal.

2. CRIMINAL LAW.

Subject to well-defined exceptions, proof of crime distinct from that for which defendant is tried is inadmissible.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 586, n. 98; p. 603, n. 77; 17CJ, p. 320, n. 36.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Frank Baygents was convicted of larceny, and he appeals. Reversed and remanded.

*E. W. Patrick,* for appellant.

The court erred in allowing the state to introduce the confession of Bert Clements, co-defendant, as to the holdup and robbery of a street car in Memphis, Tennessee, in which he charged the appellant conspired and participated, and which took place two or three days after the alleged theft of the automobile, of which the appellant here was convicted. It is a basic rule of law that no man shall be required to answer for more than one crime at a time. *Dabney* v. *State,* 33 So. 973; *Collier* v. *State,* 64 So. 373, 106 Miss. 613.

If the co-defendant, Clements, had made a statement or a confession which implicated the appellant and if such confession was made in the presence of the appellant, still it would be incompetent, because the confession also goes into minute details which implicate the appellant in a different crime which was committed, not in the state of Mississippi, but wholly and entirely within the jurisdiction of the state of Tennessee.

This statement within itself is not a statement against the appellant's interest, and would not require his denial if made in his presence, but is a full and complete confession on the part of Clements that he was the one who stole the car. This statement should have been excluded since it amounted to the same thing as hearsay testimony; violated the defendant's constitutional rights to be confronted with his witness; and was most prejudicial and unfair as it required him to acquit himself on a charge of highway robbery which took place in another state, which threw no light on the crime charged and where there was not the remotest connection between the two crimes.

In the case at bar, the statement made by Clements, the codefendant, with reference to the theft of the car and also the statement of the appellant with reference to the holdup in Memphis, Tennessee, were made, not at a time when they had the car in their possession, but after it was sold and after they had been arrested and put in jail. *Mayes* v. *State,* 1 So. 733, 64 Miss. 329; Whart. Crim. Ev. sec. 262. This was a history of the affair and not a part of the *res gestae.* The commission three days later could not be part of the *res gestae* of the larceny of the automobile.

*J. L. Byrd,* Assistant Attorney-General, for the state.

The most serious ground of error urged by appellant is that the court erred in admitting the confession of Bert Clements, the co-defendant, which confession included a confession of the holdup and robbery of a street car in Memphis. The argument is made that this testimony was inadmissible because it was evidence of another crime; but we believe that if it was error, it was cured by two things: (1) The attorney for appellant stated that he objected only to a part of the statement and that with reference to the stealing of the car he did not object to; that they wanted to introduce the confession themselves. Now we submit that if a part of the confession was admissible, the whole confession was admissible because it is an entirety and cannot be separated. So we see that the court was well warranted in believing that he was doing what the appellant wanted him to do when he permitted the evidence to go in. (2) If this is not correct, then we submit that any error is cured by the action of the appellant himself who took the stand and testified that he confessed to the holdup in Memphis and testified about the statement having been made.

We recognize that as a general rule the commission of a crime other than the one on which the defendant is

being tried, is not a proper subject of inquiry at his trial, but there are certain well-known exceptions to this rule, one of which is that where the crime testified about is connected with or so related to the original crime as to become a part of it, then testimony of both crimes is admissible. We submit that in this case the holdup of the street car was connected with the theft of the automobile because the theft was immediately prior to the holdup and the defendants who committed the holdup rode out to the scene of the holdup in the stolen automobile and made their escape in the stolen car; and in fact, while they were guilty of this larceny, they were also guilty of the holdup.

COOK, J., delivered the opinion of the court.

The appellant was convicted of the larceny of an automobile and sentenced to serve a term of one year in the state penitentiary, and from this conviction and sentence he has prosecuted this appeal.

From the testimony for the state, it appears that M. L. Fuller parked his automobile on Roach street, in the city of Jackson, at night, and while it was so parked it was stolen; that the appellant and one Burt Clements were arrested in Memphis, Tenn., several days later on a charge of holding up a street car and robbing the conductor and motorman thereof; that upon information furnished by the appellant and Clements, the stolen automobile was recovered from a garage in Memphis where it had been stored by them.

The record also discloses that the appellant and Clements, left Jackson together in an automobile; that they stole license tags at Lexington, Miss., and drove the car into Memphis, and there attempted to sell it. There was testimony offered by the state as to certain alleged confessions of both the appellant and Clements regarding the theft of the automobile in Jackson and their movements thereafter. After the arrest of these parties

in Memphis, Clements made a written confession in which he stated that he stole the automobile from Roach street in Jackson, and that after he took the car his partner, the appellant, got in the car and they started for Memphis. He then detailed their movements for the next several days, during which time they sold the battery and extra tire of the car and accomplished the holdup of the street car. He gave full details of the manner in which the holdup of the street car and robbery of the motorman and conductor was accomplished and of their escape in the stolen car, and of their movements from that time until their arrest. The appellant then signed a written confession in which he stated:

"My name is Frank Baygents, age 17, residence, Jackson, Miss. I have read the above and foregoing statement which was made by my partner, Burt Clements, concerning the holdup of a street car in which he and I participated, and the same is correct in detail."

These written confessions were offered in evidence by the state, and objections were interposed to the confession of the appellant and all of the confession of Clements, his codefendant, which implicated the appellant in the holdup and robbery in the city of Memphis. We think the admission of these confessions of the commission of a subsequent and a wholly disconnected crime was an error of such character as to require the reversal of the judgment of the court below. The general rule is that a proof of a crime distinct from that alleged in the indictment should not be admitted in evidence against the accused. There are well-defined exceptions to this general rule, which are sufficiently stated in the cases of *Dabney* v. *State,* 82 Miss. 252, 33 So. 973, *Collier* v. *State,* 106 Miss. 613, 64 So. 373, and *Hurd* v. *State,* 137 Miss. 178, 102 So. 295, but the evidence here admitted does not come within any of these exceptions. For this error, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*