GUNTER *v.* STATE.

(Division A.   Jan. 31, 1938.   Suggestion of Error Overruled Feb. 14, 1938.)

[178 So. 472.   No. 33044.]

**J. W. P. Boggan**, of Tupelo, for appellant.

' **W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

772

**McGehee, J.**, delivered the opinion of the court.

This is an appeal from the circuit court of Lee county from a conviction of arson, and a sentence to serve ten years in the state penitentiary imposed upon the appellant.

A confession of the crime was introduced in evidence over the objection of the appellant on the ground that it was obtained under duress. A preliminary inquiry was held by the court as to whether or not the confession had been freely and voluntarily made. The trial court found from the facts that this written confession had

been freely and voluntarily given, and there is ample testimony to sustain this finding.

But it was also contended by the appellant that it was error to admit the confession, for the further reason that it contained an admission of guilt of a separate and distinct offense to that charged in the indictment. However, the record discloses that when the trial court ruled that the confession was admissible, it was then stated by the district attorney, in open court, that there were parts of the statement which did not involve things connected with the particular case, and which might not be admissible. Thereupon the court ruled out a part of the written statement and did not allow the parts so stricken to go before the jury. No specific objection was made to the admissibility of the confession on the specific ground that there was left in the statement a certain admission to the effect that the appellant had stolen the whisky which he was drinking on the night the crime was committed, the only objection in the court below being that the confession had been obtained by duress.

The failure of the trial court to also strike this statement of the appellant about stealing the whisky, when eliminating other irrelevant matter, was evidently due to an oversight, since this particular objection was not called to the attention of the court, and it is raised for the first time on this appeal. It is the general rule that a confession containing admission of guilt of a separate offense, and independent of the one inquired into, is not admissible, Baygents v. State, 144 Miss. 442, 110 So. 114; McLin v. State, 150 Miss. 159, 116 So. 533, the rule announced being in conformity with the general rule that the state is confined to proof alone of the crime charged in the indictment. But under the case of Stegall v. State, Miss., 144 So. 897, where proof of other offenses was admitted without objection, the court held that the action of the trial court in that regard would not be reviewed here.

We are of the opinion that the confession when con-

sidered in connection with all of the other facts and circumstances testified to was ample to establish that the fire was of incendiary origin, and that the defendant was guilty of the crime for which he was convicted. Heard v. State, 59 Miss. 545; Perkins v. State, 160 Miss. 720, 135 So. 357; Pope v. State, 158 Miss. 794, 131 So. 264; Whittaker v. State, 169 Miss. 517, 142 So. 474; Keeton v. State, 175 Miss. 631, 167 So. 68; Nichols v. State, 165 Miss. 114, 145 So. 903; Garner v. State, 132 Miss. 815, 96 So. 743; Patterson v. State, 127 Miss. 256, 90 So. 2; Walker v. State, 127 Miss. 246, 89 So. 921.

Affirmed.