Bartz, Plaintiff in error, vs. The State, Defendant in error.

*November 11—December 6, 1938.*

*John A. Conant* of Westfield, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Earl F. Kileen,* district attorney of Waushara county, and *M. S. King,* special assistant district attorney, and oral argument by *Mr. Kileen* and *Mr. King.*

FOWLER, J. The plaintiff in error, who will be hereinafter referred to as the "defendant," was for over forty years a storekeeper in the village of Coloma and president of the Coloma State Bank from its organization in 1920 until it closed. The active management of the bank was in the hands of its cashier. The codefendant Gibbs became cashier in 1928. For a short time, after Gibbs was removed as cashier, the defendant was nominally both president and cashier, but Gibbs continued as bookkeeper and continued to run the bank as theretofore until another cashier was chosen. The transactions involved herein occurred during the time Gibbs was so acting either as cashier or bookkeeper.

The first count of the information charges the defendants with embezzling $2,667.28 of funds of the Coloma State Bank; the second with making a false entry in the bank's books whereby instead of entering a certificate of deposit for $3,500 payable to Gust Wabaschal, from which the $2,667.28 was embezzled, the defendants entered a certificate of deposit

for $1 payable to Harry Gibbs; the third with embezzling $1,000 of the funds of the bank; the fourth with making false entries on the bank's books to cover the $1,000 embezzlement; the fifth with criminal conspiracy in issuing the $3,500 certificate of deposit involved in the first count; and the sixth with criminal conspiracy in issuing a $1,000 certificate of deposit in connection with the embezzlement involved in the third count.

The only error assigned by the defendant is the admission in evidence, over objection by defendant's counsel, on the trial of the case before the jury, of a writing in terms as follows, referring to defendant's conduct as town treasurer:

"Mr. Bartz had admitted to the town board that the amount of $876.39 was taxes collected in cash and used for own personal use. He has also admitted that all the funds for taxes collected, which is evident, was not deposited on the town's bank account." Signed "H. F. Bartz." To the left: "Witnesses to above statement: George Myhill, A. E. Chatfield, Ed. Kruger."

This writing was not only read to the jury but was commented on by the district attorney in argument to the jury, and sent into the jury room for consideration by the jury in their deliberations.

It appears manifest that the use of this statement as above recited was both improper and highly prejudicial. Nothing is more firmly fixed in the criminal law than that conviction of an accused person of one crime, or his admission of the commission of one crime, shall not be given in evidence upon his prosecution for another. This rule is so generally known that we might well pass it without citation of authority in its support. We will only cite *Williamson v. State,* 74 Wis. 263, 42 N. W. 111, and *Paulson v. State,* 118 Wis. 89, 94 N. W. 771. It is true that evidence of prior like offenses is admissible "where such other offenses directly tend to prove some material element of the crime under investigation, such as

guilty knowledge or some specific intent." *Dietz v. State,* 149 Wis. 462, 468, 136 N. W. 166. But, as below briefly indicated, the statement here involved has no such tendency.

It is also true that in individual cases the improper receipt of evidence of prior acts of nature like those under investigation has been held not prejudicial because of the overwhelming *quantum* of the other evidence in the case. *Esterra v. State,* 196 Wis. 104, 219 N. W. 349. The prejudicial nature of the instant statement is plainly apparent because the defendant's connection with the matters charged rests almost wholly on the testimony of his codefendant Gibbs, who admitted his own guilt, and was positively denied by the defendant who testified in his defense.

The only reasons offered in support of the use made of the statement, perhaps we should say excuses rather than reasons, are that when the offer was first made it was suggested that it showed the defendant's "knowledge of the condition of the bank with reference to the *various* accounts," and later that it showed "a general line of dealing with the bank." We do not perceive the slightest tendency to show either, or to prove any element of any of the offenses charged.

It is urged by the state that admission of the statement is not within the rule excluding proof of previous offenses because the statement does not prove embezzlement or any offense. Maybe it does not completely prove embezzlement, but it affords basis for improperly inferring that the defendant embezzled town money, and therefore quite likely embezzled the particular moneys involved in the prosecution. It at least proved improper handling of town money because sec. 60.49 (12), Stats., makes it the duty of a town treasurer "to deposit immediately upon receipt thereof the funds of the town . . . in the public depository designated by the [town] board," and thus afforded basis for improperly inferring that the defendant appropriated to his own use town money,

and therefore quite likely so appropriated the bank's money also. No useful purpose would be served by further pursuing the point.

*By the Court.*—The judgment of the circuit court is reversed; the sentences imposed are vacated and the case is remanded with directions for a new trial.