STATE, Respondent, *v.* SAUTER, et al., Appellants.

No. 9012.

Submitted March 6, 1951. Decided June 7, 1951.

232 Pac. (2d) 731.

Mr. Arthur R. Meyer and Messrs. Wiggenhorn & Hutton, all of Billings, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Louis E. Poppler, Asst. Atty. Gen., Mr. Charles B. Sande, County Atty., Billings, for respondent.

Mr. Meyer, Mr. Sande and Mr. Poppler argued orally.

MR. JUSTICE FREEBOURN:

John Sauter, defendant and appellant, with George Schneider, was charged by information with the crime of rape, "by the use of force and violence, and threats of violence and great and immediate bodily harm," upon a female of the age of 22 years.

Sauter, tried separately, was convicted and sentenced to serve 25 years in the state prison. From this conviction he appeals.

Over objection, the prosecution was permitted to introduce in evidence statements of defendant tending to show he had committed rape upon another woman sometime prior to the commission of the act for which he was on trial.

Such statements and evidence of the previous rape were inadmissible in this case.

The general rule is found in 44 Am. Jur., Rape, sec. 79, p. 948, where it is said: "The courts universally refuse to admit evidence of the commission of other and distinct crimes where such evidence is not otherwise relevant, and in the application of this rule it is well settled on a prosecution for rape that evidence of another rape or other sex crime committed at a different time and on or against another person, and having no connection with the crime charged, is not admissible. * * * The prosecution may not show that the defendant has had sexual intercourse with other young females, or that he has committed other sex crimes and immoral acts."

In 22 C. J. S., Criminal Law, sec. 682, pages 1084 and 1087, it is said: "The general rule, which is subject to exceptions stated in secs. 683-690, infra, is that, on a prosecution for a particular crime, evidence which shows or tends to show that accused has committed another crime wholly independent of, and unconnected with, that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible, and such evidence of an independent crime is inadmissible for the reason, among others, that it ordinarily does not tend to establish the commission by accused of the offense charged, that accused must be tried for one offense at a time, and that, in accordance with the more extensive general rule, which applies to all cases, civil and criminal, the evidence must be confined to the point in issue."

The same general rule extends to a confession or admission by accused of the commission of another crime. 22 C. J. S., Criminal Law, sec. 682, page 1088. See also: Gunter v. State, 180 Miss. 769, 178 So. 472; Baygents v. State, 144 Miss. 442, 110 So. 114; Bartz v. State, 229 Wis. 522, 282 N. W. 562. It also applies to statutory rape. See 167 A. L. R., p. 588, and authorities cited.

In People v. Whalen, 70 Cal. App. (2d) 142, 160 Pac. (2d) 560, 562, the California court said: "The authorities are unani-

mous in holding that a defendant's right to a fair trial in this sort of case is violated by the receipt of evidence of the commission of acts similar to those charged, with a person or persons other than the prosecutrix. People v. Asavis, 1937, 22 Cal. App. (2d) 492, 71 Pac. (2d) 307, and cases cited."

In State v. Peterson, 102 Mont. 495, 59 Pac. (2d) 61, the evidence of other and similar acts were received to show corroboration, and confined to acts with the prosecutrix under identical circumstances. See also: State v. Paddock, 86 Mont. 569, 284 Pac. 549; State v. Gaimos, 53 Mont. 118, 162 Pac. 596.

There is nothing in the case before us which takes it out of the general rule herein announced and brings it within any exception thereto.

Defendant admitted having intercourse with the prosecutrix but contended it was not rape. Whether it was or was not was a question of fact for the jury. Neither defendant's identity nor intent was in question. The previous sexual act occurred with a woman, not the prosecutrix, and at another time and place than that charged in the information. Evidence thereof could not be *res gestae*. The evidence of the prior act had no connection with the act for which defendant was on trial. It did not tend to establish a systematic scheme or plan embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the offense charged. State v. Gaimos, supra.

Sexual acts, whether rape or no rape, originating in barroom pickups, powered by the urge, and consummated in automobiles, are entirely too common in this day and age to have much evidentiary value in showing a systematic scheme or plan.

In Walker v. State, 103 Tex. Cr. R. 555, 281 S. W. 1070, a forcible rape case, it appears "that the appellant came to the boarding house of the prosecutrix and represented to her that he desired to employ her to nurse his baby and act as companion for his wife, and, believing said representation, she went with him on the street car to the end of the line, and then walked

with the appellant through a woods until they had reached a rather secluded spot, when appellant by drawing a pistol on her, forced her to have intercourse with him. The prosecutrix testified that appellant represented to her that he lived in the direction in which they were going, and that she thought he was taking her to his home for the purpose of giving her employment.

"* * * a negro woman was permitted to testify that appellant came to her house on Gable street, in 1923, and told her he wanted somebody to work for him, and she consented to take the job, and went with the defendant to Independence Heights, at his instance and direction, and they got on a street car and later got out and went down the railroad track into the woods somewhere, and when they got in the woods, the appellant held a gun on the witness and forced her to have intercourse with him. Similar testimony was given by various other witnesses, as to assaults made on them by appellant. The learned trial court told the jury in his charge that if they believed the state had connected the defendant with collateral assaults before they could consider same, they must believe that said assaults had been committed by defendant, and if they found same had been so committed, then not to consider them for any purpose except to illustrate system, motive, and intent of the defendant, if said collateral assaults did illustrate system, motive, and intent in committing the offense for which the defendant was on trial. * * *

"Under the facts in this case, the testimony of the collateral transactions above mentioned was clearly inadmissible. Mr. Branch has correctly stated the rule as follows:

" 'The fact that two or more distinct crimes may have been committed the same way does not show "system." ' "

The evidence of the alleged previous acts by defendant and not involving the prosecutrix in any way could only tend to show his bad character and disposition. Since he had introduced no evidence of his good reputation such evidence so introduced by the state was clearly inadmissible.

R. C. M. 1947, section 93-1901-11, provides: "A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth, honesty, or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he has been convicted of a felony."

This court said in State v. Popa, 56 Mont. 587, 185 Pac. ▇▇▇ 1114, 1115: "Evidence given either in support or impeachment of the character of one accused of crime must, as a rule, be confined to general reputation, and cannot be extended to particular acts. State v. Shadwell, 22 Mont. 559, 57 Pac. 281."

In State v. Jones, 48 Mont. 505, 139 Pac. 441, 445, we said: "Extrinsic evidence of particular wrongful acts is therefore not admissible, because it violates the rule against proof of particular facts to establish reputation, declared by the statute. Rev. Codes, sec. 8024 [Rev. Codes 1907, now R. C. M. 1947, sec. 93-1901-11, supra]; Wigmore on Evidence, sec. 988; Underhill on Criminal Evidence, sec. 82; 1 McClain on Criminal Law, sec. 307."

In Williams v. State, 68 Okl. Cr. 348, 98 Pac. (2d) 937, 940, a rape case, the Oklahoma court said, quoting from the leading case of State v. Lapage, 57 N. H. 245, 24 Am. Rep. 69: " 'To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor, linking them together for some purpose he intended to accomplish; or, it must be necessary to identify the person of the actor by a connection which shows that he who committed the one must have done the other. Without this obvious connection, it is not only unjust to the prisoner to compel him to acquit himself of two offenses instead of one, but it is detrimental to justice to burden a trial with multiplied issues that tend to confuse and mislead the jury. * * * Proof of the first crime would show that the respondent was a very bad man—would perhaps show a tendency or disposition to commit that particular crime; but

it would go no further, and in fact would amount to little more than an attack upon the respondent's character, which is inadmissible unless he puts it in issue, and an attack upon his character by showing particular acts, which is also inadmissible. * * * I mention this case to illustrate the necessity of extreme caution not to admit such testimony unless there can be seen some distinct logical connection, such as the law requires, between the fact proposed to be proved and the fact in issue.' ''

In State v. Williams, 36 Utah 273, 103 Pac. 250, 252, wherein defendant was prosecuted for rape on a child of 10, evidence of prosecutrix, that after assault had been completed, defendant stated there were other female children that had come to his home with whom he had committed the same offense, was admitted. The Supreme Court of Utah said in holding such evidence inadmissible and its introduction error: ''The authorities uniformly hold in this class of cases that where a defendant is on trial for a particular crime evidence that he on some other occasion committed a separate and distinct crime wholly disconnected from the crime charged on some person other than the one mentioned in the information or indictment is never admissible. 'Proof of a distinct substantive offense is never admissible unless there is some logical connection between the two from which it can be said that proof of the one tends to establish the other. Thus in a prosecution for rape testimony would not be competent that at a time not comprehended within the res gestae the defendant had committed a rape on another woman.' Gillett, Ind. & Col. Ev. sec. 57. In Wharton's Am. Crim. Law, sec. 635, the author says: 'It is under no circumstances admissible for the prosecutor to put in evidence the defendant's general bad character, or his tendency to commit the particular offense charged, nor is it admissible to prove independent crimes, even though of the same general character, except when falling strictly within the exceptions stated.' The evidence under consideration does not fall within the exceptions referred to by the author. In 10 Enc. Ev. 597, the rule is stated as follows: 'In a prosecution for rape it is not competent for

the state to introduce evidence tending to show that the defendant attempted to commit a similar offense upon a female other than the prosecutrix.' "

In Walker v. State, 23 Ariz. 59, 201 Pac. 398, 400, the Supreme Court of Arizona said: "The appellant was being prosecuted for the crime of rape committed against the person of Ruthie May Brakebill, and the perpetration of other crimes of a similar nature against other persons than she was wholly beside the issue, the crime charged—forcible rape—not being one in which the similar offense rule obtains. There could have been, therefore, no purpose in asking these questions other than to get before the jury certain statements in the guise of questions, that would be highly prejudicial to the appellant but which the assistant county attorney must have known were inadmissible for any purpose, even though he may have been convinced they were true."

Proof that accused committed other crimes, even if they were ██ of like nature to that charged, is not admissible to show his depravity or criminal propensities, or the resultant likelihood of his committing the offense charged; nor may such evidence be offered if it only tends to create a prejudice against accused in the minds of the jury. 22 C. J. S., Criminal Law, sec. 682, pages 1088, 1089.

The general rule should be strictly enforced in all cases where applicable, because of the prejudicial effect and injustice of such evidence, and should not be departed from except under conditions which clearly justify such a departure. The exceptions should be carefully limited, and their number and scope not increased. 22 C. J. S., Criminal Law, sec. 683, page 1091.

Defendant's motion that the state be required to elect the act of alleged rape for which defendant was to be tried, should have been granted, and by appropriate instruction the court should have directed the jury that defendant was on trial and could be convicted for that offense only.

An information can charge but one offense. R. C. M. 1947,

■   sec. 94-6407. It naturally follows that a defendant can be tried for and convicted of but one offense, that charged in the information. State v. Gaimos, supra.

Every act of sexual intercourse constituting rape is a sep-
■   arate and distinct offense, since R. C. M. 1947, section 94-4101, provides that "Rape is an act of sexual intercourse" accomplished under the conditions set out in such statute.

Although the information charged Sauter and Schneider jointly with accomplishing "an act of sexual intercourse" under conditions amounting to rape, the prosecution knew, from the testimony of the prosecutrix, that each defendant had indulged in  a separate act of sexual intercourse with the prosecutrix. The prosecution further knew that there was evidence which, if believed, showed defendant to have assisted Schneider in accomplishing his act of sexual intercourse, by placing a hand on the shoulder of the prosecutrix and by pressing some metallic object against her neck, thereby putting her in fear.

The court should have directed the prosecution to say whether it was prosecuting defendant for the offense consisting of accomplishing intercourse with the prosecutrix by himself, or if it was prosecuting defendant for the offense of aiding and assisting Schneider in consummating Schneider's act of sexual intercourse with the prosecutrix.

The right to compel this election is a personal right of the
■   defendant. State v. Duncan, 82 Mont. 170, 266 Pac. 400.

For the reasons stated the judgment of the lower court is reversed and the cause remanded to the lower court for a new trial.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICE BOT-TOMLY, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

I think the court did not err in permitting proof that defendant admitted he committed another act of rape upon another girl about a month prior to the act charged in the information

under circumstances very similar to those shown in the act charged. I concede the general rule to be as stated in the majority opinion, but I think this case is ruled by a well established exception to the general rule.

The record shows that defendant and his companion, defendant Schneider, met the prosecutrix in a barroom. They bought her some drinks. They persuaded her to get into their automobile on the promise that they would take her to a town where she desired to go to apply for a position as a singer. They took her on a country road and after defendant's companion had first raped her and reduced her to an hysterical condition, defendant took over and committed an act of intercourse with her without her consent.

The other act with the other girl was committed under strikingly similar circumstances. It occurred one month earlier. The events that led to that act were these: This defendant, his confederate Schneider, and two other men struck up a conversation with a girl in a barroom. They offered her a ride home. They drove her to an isolated location. Defendant and two of the other men left the car. The one man left in the car raped the girl. After he had done so, one of the others had intercourse with her and then defendant, finding the girl limp in the front seat of the car had intercourse with her and did not know whether she was conscious at the time.

I think the evidence relating to the prior offense was admissible to show the scheme, design, plan, pattern and course of action of the defendant, and hence comes within an exception to the general rule.

This case is practically the same as that of People v. Sullivan, Cal. App., 225 Pac. (2d) 645, 647, wherein the court said: "The testimony of B. R. concerning the other offense was properly admitted. Appellant's conduct upon that occasion bore such similarity in significant respects to his conduct in connection with the crime charged herein as to indicate a general plan and that his conduct was directed by design. It was admissible for precisely the same reason that the testimony of

R. W. concerning the offense herein charged was deemed admissible upon the trial of appellant for the offense concerning which B. R. testified herein, in People v. Sullivan, 96 Cal. App. (2d) 742, 216 Pac. (2d) 558.'' Other cases supporting this view are the following: Suber v. State, 176 Ga. 525, 168 S. E. 585; Taylor v. State, 55 Ariz. 13, 97 Pac. (2d) 543; State v. Jenks, 126 Kan. 493, 268 Pac. 850, citing State v. Stitz, 111 Kan. 275, 206 Pac. 910 and State v. Bisagno, 121 Kan. 186, 246 Pac. 1001; People v. Cosby, 137 Cal. App. 332, 31 Pac. (2d) 218; People v. Cassandras, 83 Cal. App. (2d) 272, 188 Pac. (2d) 546; State v. Shtemme, 133 Minn. 184, 158 N. W. 48; State v. Cupit, 189 La. 509, 179 So. 837; Note in 167 A. L. R. 594; 1 Wharton, Criminal Evidence, 11th Ed., sec. 252, p. 298; II Wigmore, Evidence, 3rd Ed., sec. 357, p. 265, where the author points out that such evidence may carry great significance as a specific design or plan of rape and said, ''Courts have shown altogether too much hesitation in receiving such evidence.'' And when a defendant is charged with a sex offense the law is more liberal in admitting proof of similar sex offenses than in admitting evidence of similar offenses when a defendant is charged with a non-sexual crime. Commonwealth v. Kline, 361 Pa. 434, 65 A. (2d) 348.

In Bracey v. United States, 79 U. S. App. D. C. 23, 142 F. (2d) 85, 88, the court pointed out that in trials for sexual offenses, evidence is admissible concerning acts of intercourse between the accused and prosecutrix prior to the specific act upon which the defendant was being tried. The court pointed out that the District of Columbia had not decided whether evidence would be admissible that defendant had committed sex offenses upon other victims than the one named in the complaint. The court however said: ''Logically the exception would seem to include such other offenses. The emotional predisposition or passion involved in raping one little girl would seem to be the same as that involved in raping another. Evidence of such a crime committed upon one little girl shows a disposition to commit the same crime upon another, and the

probability that the emotional predisposition or passion will continue is as great in one case as the other. The better reasoned cases in other jurisdictions also support the admission of such evidence, within the exception to the general rule.''

The court however reserved ruling on the point until it was briefed and argued in another case, since the testimony in question in that case was admissible on a different theory and for a different purpose. The court however indicated clearly that both reason and authority support the view that such evidence is admissible.

We have repeatedly held that evidence is admissible to show that defendant has committed other acts of rape of prosecutrix before or after the commission of the act charged. State v. Peres, 27 Mont. 358, 71 Pac. 162; State v. Vinn, 50 Mont. 27, 144 Pac. 773; State v. Harris, 51 Mont. 496, 154 Pac. 198; State v. Keeler, 52 Mont. 205, 156 Pac. 1080, L. R. A. 1916E, 472, Ann. Cas. 1917E, 619.

Likewise it is well settled in this state that evidence of other crimes similar to that charged and committed at about the same time may be shown for the purpose of showing intent, plan, scheme, pattern, or course of action on the part of the accused. State v. Pippi, 59 Mont. 116, 195 Pac. 556; State v. Cesar, 72 Mont. 252, 232 Pac. 1109; State v. Hughes, 76 Mont. 421, 246 Pac. 959; State v. Simanton, 100 Mont. 292, 49 Pac. (2d) 981; State v. Simpson, 109 Mont. 198, 95 Pac. (2d) 761; State v. Knox, 119 Mont. 449, 175 Pac. (2d) 774. In the last cited case former cases were modified so far as they hold that evidence of other offenses is admissible to show intent in a larceny case, but the rule still applies when the evidence of the other offenses shows design, plan or system of operations.

I think the court was right in permitting the evidence complained of to be received. The court, it should be noted, properly restricted the purpose of the evidence by an instruction to the jury.

I disagree also with the majority opinion so far as it leaves the impression that the court did not grant the motion requiring

the state to elect which of the offenses committed against the prosecuting witness it would rely on for a conviction. The record shows that an election was made sufficient to satisfy counsel then representing defendant, being counsel other than those representing him on the appeal. The record shows the following:

"Mr. Felt: If the court please, while this witness is on the stand—the witness George Schneider, he being one of the co-defendants in this case to be tried for this offense—I think it is proper at this time to require the State to elect which act disclosed by the evidence is the basis for this prosecution.

"Mr. Sande: I think the evidence particularly shows the act being charged with.

"Mr. Collins: There is only one act for each of the defendants. No choice is to be made.

"The Court: As counsel has pointed out, the only one that could possibly be proved with reference to this defendant, he would be charged with.

"Mr. Felt: Well, I do not care to be technical about it, but I want it definitely understood that it is the offense, or the act, committed by John Sauter rather than the act committed by George Schneider.

"The Court: Intent been pleaded?

"Mr. Felt: That has been done. I have looked into that.

"The Court: Well, I—

"Mr. Felt: I do not care to discuss—

"Mr. Collins: There is only one crime, the crime of rape, whichever act it was. We do not have to choose between them. There was only one crime committed, the crime of rape.

"The Court: By this particular defendant?

"Mr. Collins: Yes, this defendant.

"The Court: Very well.

"Mr. Collins: Which would apply to the whole thing.

"The Court: That is what—

"Mr. Felt: That is sufficient."

I think the jury understood what charge the state relied on as did also defendant and his counsel.

In my opinion the judgment should be affirmed.

MR. JUSTICE METCALF:

I concur in the foregoing dissenting opinion of Mr. Justice Angstman.