STATE, RESPONDENT, *v.* HILL ET AL., APPELLANTS.

(No. 3,163.)

(Submitted June 19, 1912.   Decided June 22, 1912.)

[126 Pac. 41.]

*Criminal Law—Burglary in First Degree—Evidence—Order of Proof—Discretion—Judgment—Sufficiency.*

Burglary—Degree—Evidence—Sufficiency.
 1.   Where the crime of burglary was proven, the jury were justified in reaching the conclusion, from the presence of burnt matches about the house, the fact that the window shades had been pulled down, *etc.,* that it had been committed in the night-time.

Trial—Order of Proof—Discretion.
 2.   The order of proof is a matter within the sound legal discretion of the trial court.

Burglary—Evidence—Other Crimes—Admissibility.
 3.   Evidence of similar crimes as the one for which defendant is on trial, committed at about the same time, if calculated to identify the perpetrator of the particular offense charged, or to show the intent with which it was committed, or that it was part of a system or chain of similar crimes, is admissible.

Evidence—Objections Necessary for Review.
 4.   Testimony received without objection may not be complained of on appeal.

Same—Refusal to Strike—When not Error.
 5.   Error *held* not to have been committed in refusing to strike an answer of a witness; though not as clear as it should have been, the court, having seen and heard the witness on the stand, was best able to judge what disposition should be made of the motion.

Burglary—Evidence—Exhibits—Admissibility.
 6.   In view of the fact that a chisel was found at the house alleged to have been burglarized, which fitted the indentations and marks about the windows of other residences entered, that the shoes of one of defendants fitted perfectly tracks under a window of one of such residences, and other similar circumstances, evidence concerning the manner in which such other houses were entered was proper.

Same.

7. The shoes belonging to one of defendants, the heels of which had been mutilated by him while in custody, having been sufficiently identified, were properly admitted in evidence, as were also certain keys found on him which fitted the side door of the residence alleged to have been burglarized.

Criminal Law—Cross-examination—Propriety.

8. A question asked one of defendants whether he and his codefendant were *pretty well acquainted with each other's finances* *held* proper on cross-examination.

Burglary—Judgment—Sufficiency.

9. *Held,* that a judgment which recited that defendant was informed by the court of the nature of the information found against him for the crime of burglary committed on a certain day was sufficient as against the objection that it did not recite that defendant was convicted of burglary in the first degree.

Criminal Law—Instructions—Review—Prerequisites.

10. Where no objections were made to the instructions in the trial court at their settlement, the supreme court cannot, under section 9271, Revised Codes, examine them on appeal.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

W. E. HILL and W. A. STANLEY, convicted of burglary in the first degree, appeal from the judgments of conviction. Affirmed.

*Mr. H. S. McGinley,* for Appellants, submitted a brief and argued the cause orally.

The state must prove the particular crime charged in the information upon which defendants are being tried before evidence of any other crimes can be received (*People* v. *Downs,* 123 N. Y. 558, 25 N. E. 988; *Sorenson* v. *United States,* 168 Fed. 785, 94 C. C. A. 181; *People* v. *Tucker,* 104 Cal. 440, 38 Pac. 195); and evidence of other crimes can only be received, first, to identify the person (*Cooper* v. *State,* 23 Tex. 343; *Commonwealth* v. *Sturtivant,* 117 Mass. 131, 19 Am. Rep. 401; *Commonwealth* v. *Williams,* 105 Mass. 67; *State* v. *Shinborn,* 46 N. H. 502, 88 Am. Dec. 223; *Murdock* v. *State,* 68 Ala. 569, 574; *Jones* v. *State,* 63 Ga. 395, 398, 401; *Story* v. *State,* 99 Ind. 413); second, to show "intent" (*People* v. *Tucker,* 104 Cal. 440, 38 Pac. 195), and then such evidence is only admissible when the act complained of is otherwise proved, and the "intent" or "system" is in issue to show the intent to commit the crime; third, to prove the "sys-

tem" used in committing that and other crimes, after the act complained of is otherwise proved. (*Henry* v. *State,* 39 Fla. 235, 22 South. 647; *Foster* v. *People,* 18 Mich. 266, 277.) Evidence of other burglaries in the neighborhood about the same time were excluded in *Long* v. *State* (Tex. Cr.), 47 S. W. 363.

It is a general rule of evidence that a foundation must be laid for the admission of evidence, and in order to do this and admit any evidence of other crimes, to prove identity, intent or system, or for any other purpose, for that matter, it was necessary for the state to prove the "*corpus delicti*" of the offense charged in the information on which the defendants were being tried. The "*corpus delicti*" was the breaking and entering of the Speer residence; and that fact should have been proven,—or evidence tending to prove it, at the least, should have been introduced,— before evidence of any other crimes was admitted. (*White* v. *State,* 40 Ala. 344; *State* v. *Moore,* 117 Mo. 395, 22 S. W. 1086; *State* v. *Cash,* 38 Kan. 50, 16 Pac. 144.) And unless this was proven, there could be no conviction legally, even though any number of other crimes be laid at the door of defendants. (*Hronek* v. *People,* 134 Ill. 139, 23 Am. St. Rep. 652, 8 L. R. A. 837, 24 N. E. 861.)

It is a well-settled rule that before burglary tools can be admitted, it must first appear that the burglary charged was committed with such tools. (*People* v. *Winters,* 29 Cal. 658; *People* v. *Hope,* 62 Cal. 291; *People* v. *Sansome,* 84 Cal. 449, 24 Pac. 143.) It was not contended that the crime charged was committed by procuring entrance by means of any tools or through a window; but it was claimed that entrance was had by means of a key which was used to unlock a side door in the Speer home, and therefore, before any evidence could be admitted as to the manner of entrance to other houses, it was necessary to prove that entrance was gained to the Speer residence with such tools. (See cases *supra.*)

*Mr. Albert J. Galen,* Attorney General, and *Mr. J. A. Poore,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Poore* argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

Defendants were convicted of burglary in the first degree. They appeal from the judgments of conviction.

The state appears to have proved beyond a reasonable doubt that on December 15, 1910, the residence of J. W. Speer, W. S. Frary and B. L. Johnson, at Great Falls, Cascade county, were burglarized. The defendants were accused of burglarizing the residence of J. W. Speer. They were arrested on December 26 at Billings. At or about the same time certain articles of personal property were found in a telescope satchel in an old boiler in Billings, to-wit, a lot of jewelry and an overcoat belonging to Mr. Speer; there was also found in Hill's suitcase, a vial of gold-dust which was proved to have been taken from the Johnson residence in Great Falls; the suitcase was found in defendants' room at Billings. Hill made the statement to chief of police Talgo of Billings that the vial had been given to Stanley in Butte a day or two before they left; several souvenir spoons, a pipe, a pearl-handled dagger and a gold fountain-pen were found in the telescope; a revolver was found in Hill's suitcase; some keys and coins were also taken from his person; a fleur-de-lis pin was taken from his necktie. Other articles belonging to residents of Billings were discovered. A chisel or large screwdriver was also found in the telescope. The souvenir spoons belonged to Mrs. Speer; also a bracelet, matchbox, chain and some baby buttons, which were in the Great Falls residence on December 15. A pair of sleeve buttons and the fleur-de-lis pin belonged to Mr. Shorts, a brother of Mrs. Speer; the dagger and fountain-pen belonged to Mr. Speer; these articles were also in the house in Great Falls on the night in question. Mr. Speer left his residence about noon of the 15th and returned between 12 and 1 o'clock the following morning. The window curtains in the house had all been pulled down and the lace curtains pinned together. Matches were lying all about the house. One of the coins found on Hill resembled a Canadian piece belonging to Mr. Shorts which was in the Speer residence on December 15. Defendants told sheriff Collins that Stanley had bought the vial of gold-dust in Butte on the evening of December 17. Hill's

shoes fitted perfectly certain shoe marks or tracks under a window of the Johnson home which had been pried open with a tool. Hill cut or mutilated the heels of his shoes in the county jail at Great Falls after his arrest. A window of the Frary residence had apparently been opened with a tool similar to the one used at the Johnson place. The testimony is in the record in the form of recital and is far from clear, but as we understand it, a Miss Lefler was at the Frary residence at the time of the burglary and was given some souvenir spoons belonging to Mrs. B. L. Johnson by one of the burglars, whom she thought she recognized as the defendant Hill. The Johnson house was also strewn with matches. A meerschaum pipe found at Billings belonged to Mr. Johnson. A pin in a green case belonged to Gerald Frary. The Frary house was entered between 7 :45 P. M. and 11 :15 P. M. A chisel or large screw-driver was afterward found on a bed at Mr. Speer's residence. This chisel fitted the marks on the window sills and window sash at both the Johnson and Frary residences. Certain keys found on Hill fitted the side door of Mr. Speer's residence. Fromiller, a lodging-house keeper, and his daughter testified that the defendants occupied rooms at the lodging-house from December 11 to December 17. Miss Lefler thought she recognized Hill by his voice. The defense was an *alibi.* Stanley went upon the witness-stand but Hill did not.

1. It is said in the brief of counsel for the appellants that the state must prove the particular crime charged in the information before evidence of other crimes can be received. We are of [1] opinion that the crime charged, to-wit, burglary, was fully proven, and that the presence of burnt matches about the house, the condition of the window shades, and other facts and circumstances shown by the record, were sufficient to justify the conclusion reached by the jury that the crime was committed in the night-time.

2. The order of proof was within the sound legal discretion [2] of the trial court. We find no abuse of such discretion.

3. Evidence of other similar crimes, committed at about the [3] same time, if calculated to identify the perpetrator of the particular crime charged, or to show the intent with which an

alleged criminal act was committed, or that it was part of a system or chain of similar crimes, is admissible. (*State* v. *Hall,* 45 Mont. 498, 125 Pac. 639.)

4. Appellants contend that the trial court erred in allowing Robert Pontet, the chief of police at Great Falls, to testify in regard to a large screw-driver which he received from Talgo and [4] took to the Johnson and Frary residences for experimental purposes. This testimony was, however, received without objection.

5. The state propounded this question to the witness Talgo: "I will ask you now, after you had them under arrest, if you found any property in Billings that you can identify at this time and when it was." Answer: "It was about the 26th or on the 26th." Defendants' counsel moved to strike out the answer as not responsive to the question. We think the court was correct in overruling the motion. We are also of opinion that [5] the court committed no error in refusing to strike out the answer of the same witness, *viz.:* "The stuff was all found over there in the telescope; that when I first saw it." The answer is not very clear to us, but the trial court saw and heard the witness on the stand and was the better judge of what disposition should be made of the motion, under the circumstances.

6. In view of the fact that a chisel was found at Mr. Speer's residence which fitted the indentations and marks about the windows of the Johnson and Frary residences, we find no error [6] in the action of the court in permitting witnesses to testify concerning the manner in which these residences were entered. It is not entirely clear from the record that the chisel found on the bed was the same one to which the witnesses referred, but be this as it may, we think the testimony regarding Hill's shoes and other evidence found in the record also justified the court in admitting the testimony of which complaint is made.

7. The shoes belonging to Hill, as to which the sheriff testified, and the vial of gold-dust, were properly admitted in evidence. [7] They were sufficiently identified for that purpose, and it was for the jury to weigh the testimony concerning them and give to it such effect as they thought proper.

8. Mrs. Johnson testified that it was thawing when the impressions of the shoes were taken. It appeared that she judged from appearances. The testimony was properly admitted.

9. We think the testimony of Miss Lefler to the effect that Gerald Frary's pin was in the Frary house was responsive to the question propounded.

10. The keys found on Hill were properly admitted in evidence.

11. The order of examination of Miss Lefler was within the discretion of the district court.

12. The court permitted the state to ask Stanley on cross-[8] examination whether he and Hill were pretty well acquainted with each other's finances. No error.

13. Two judgments were entered, one against each defendant. They recite that the defendants were informed by the court of the nature of the information found against them for the crime of burglary committed on the 15th day of December, 1910. Section 9376, Revised Codes, provides that when judgment upon a conviction is rendered, the clerk must enter the same in his minutes, stating briefly the offense for which the conviction was had. It is claimed that the judgments are void, because, as we understand the contention of counsel, they do not recite that the defendants were convicted of burglary in the first degree. The case of *Ex parte Howard,* 72 Kan. 273, 83 Pac. 1032, is cited to the point. The court there said: "The statute prescribes one penalty for certain acts denounced as grand larcenies and another penalty for certain other acts denounced, also, as grand larcenies. Hence the judgment must show in which one of the two classes of grand larceny the criminal act falls before a sentence under the indeterminate Act can be imposed. Not necessarily so under the pre-existing statute where the court determined the duration of the punishment." As we have no indeterminate sentence legislation in this state, the foregoing case is authority for holding, as we do, that the judgments in question and the clerk's minute entry were sufficient.

14. As no objections were made to the instructions in the court below, we are forbidden to examine them. (Rev. Codes, sec. 9271.)

The judgment against each of the defendants is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.