STATE, RESPONDENT, *v.* CHRONOPOULOS, APPELLANT.

(No. 4,726.)

,(Submitted June 3, 1921. Decided June 20, 1921.)

[199 Pac. 266.]

*Criminal Law—Murder—Evidence—Admissibility—Appeal and Error—Instructions—When Review Unauthorized.*

Appeal and Error—Instructions—When Review Unauthorized.
   1.   Where defendant, through his attorney, at the settlement of the instructions, stated that he had no objections to them, assignments based on alleged error in them cannot be considered on appeal.
Murder—Conversation in Presence of Defendant—Identification—Evidence —Sufficiency.
   2.   Testimony as to a conversation had in the presence of defendant, a Greek, with others engaged with him in the commission of the homicide of which he was convicted was admissible though the witness was unable to positively identify defendant as having been present, merely referring to him as a Greek, where the identification was made complete by other testimony, including that of defendant, who understood the English language.

*Appeals from District Court, Silver Bow County; J. J. Lynch, Judge.*

THEODORE CHRONOPOULOS was found guilty of murder. From the judgment ·and the order overruling his motion for a new trial, defendant appeals. Affirmed.

*Mr. I. G. Denny, Mr. William M. Wilson* and *Messrs. Canning & Geagan,* for Appellant, submitted a brief; *Mr. M. F. Canning* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, *Mr. George Bourquin* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. L. A. Foot,* Assistant Attorney General, and *Mr. Rotering* argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Defendant was charged with the murder of one Sylvester J. Prenatt, in Silver Bow county, on the ninth day of December, 1919. Trial was had to a jury, which rendered a verdict finding him guilty of murder in the first degree, and fixing his punishment at death by hanging. Motion was made for a new trial, which was overruled. Defendant has appealed from the judgment and the order.

The record discloses that defendant, in company with Steve Byrne and others, went to the home of deceased about 2 o'clock in the morning, and, after gaining admission to the house, killed the deceased. A full and complete statement of facts involving the matter is set forth in an opinion handed down this date (*State* v. *Byrne, ante,* p. 317, 199 Pac. 262), written by Chief Commissioner Poorman, to which reference is made for such other facts as may be pertinent to this case.

Five assignments are made on the ground that the court [1] erred in giving to the jury certain instructions. The record, however, discloses that at the time the instructions of which complaint is made were offered, the court expressly asked the defendant if he had any objections to them, and defendant, unequivocally, by his attorney, replied that he did not. As no objections were made to the giving of these instructions, this court has no authority to review them. (Rev. Codes, sec. 9271; *State* v. *Hill,* 46 Mont. 24, 31, 126 Pac. 41; *State* v. *Fowler,* 59 Mont. 346, 196 Pac. 992.) However, in view of the importance of this case, we have carefully examined the instructions, and are satisfied that no error was committed by the court in the giving of any one of them.

It is alleged that the verdict and judgment are contrary to law. Appellant, however, fails to point out wherein the verdict and judgment are contrary to law, and from our examination of the case we are unable to find that there is any merit in such assignment.

It is urged that the verdict and judgment are contrary to the evidence in the case. It is true that the verdict and judgment are contrary to defendant's evidence, but there is abundant competent evidence on behalf of the state showing defendant's participation in the crime charged.

Appellant contends that the court erred in admitting the testimony of the state's witness, Edgar McIntosh. This witness testified to a conversation which took place in the presence of defendant, but in his testimony was unable to identify positively the defendant as being present merely referring to him as a Greek. However, the identification is made complete by other testimony in the case, including that of the defendant himself. The record shows that defendant, even though a Greek, understood the English language, and the conversation was with other parties engaged with him in the commission of the crime. We are unable to see any error in the admission of this testimony.

For these reasons, the judgment and the order denying motion for new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.