## STATE, RESPONDENT, v. ROOP, APPELLANT.

(No. 5,514.)

(Submitted March 26, 1925. Decided April 11, 1925.)

[235 Pac. 336.]

*Intoxicating Liquor—Unlawful Manufacture—Search by Consent—Evidence—Admissibility.*

Intoxicating Liquor—Unlawful Manufacture—Search by Consent — Evidence—Admissibility.
  1. Where officers searching the home of defendant, with his consent, found a quantity of mash in the process of manufacture into beer, they were properly permitted to give evidence as to what they found, since one who consents to a search cannot complain that his constitutional rights were invaded by the search.

Same—Commission of Prior Offenses—Evidence—Admissibility.
  2. Under a charge of unlawful manufacture of intoxicating liquor, evidence that some two months prior to the offense committed for which defendant was on trial he was found in possession of 2,500 bottles of beer was properly admitted.

---

Criminal Law, 16 C. J., sec. 1098, p. 567, n. 92.
Intoxicating Liquors, 33 C. J., sec. 494, p. 754, n. 31.

1. Right of officer, in executing criminal process, to take possession of evidentiary articles, see notes in 18 L. R. A. (n. s.) 253; L. R. A. 1916C, 1017.

Right to recover property held by public authorities as evidence for use in a criminal trial, see notes in 11 A. L. R. 681; 13 A. L. R. 1168. See, also, 24 R. C. L. 723.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

CLARENCE M. ROOP was convicted of manufacturing intoxicating liquor, and appeals from the judgment. Affirmed.

*Mr. Charles A. Russell,* for Appellant, submitted a brief and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. I. W. Choate,* Assistant Attorney General, for the State, submitted a brief; *Mr. Choate* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On October 4, 1923, George Duncan and J. R. Thompson, deputies in the office of the sheriff of Missoula county, had in their possession for service a warrant for the arrest of a man named Berg and were searching for him through the city of Missoula. In the course of their search they came to the home of Clarence M. Roop, and finding Roop in his yard inquired for Berg, exhibiting the warrant and photographs of Berg. After some conversation, they asked permission to search Roop's residence for the man and the permission was given, Roop leading the officers into his house. While in the house the officers discovered six twelve-gallon containers of mash in the process of manufacture into beer, and Thompson thereupon went for a search-warrant. When the warrant was secured, Roop's residence was searched further and 1,298 pint bottles of home-brewed beer and 30 quart bottles of the same beverage were discovered and seized. On October 6 an information was filed charging Roop in the first count with the unlawful manufacture of intoxicating liquor, and in the second with the unlawful possession of intoxicating liquor. Thereafter counsel for defendant moved the court to suppress the evidence obtained by the search-warrant proceedings, and the motion was

sustained. When this cause was brought to trial, the state was permitted to show by Duncan and Thompson that they found the mash in defendant's home and that it was in process of being manufactured into beer. The state was also permitted to introduce evidence to the effect that on August 13, 1923, defendant was in the unlawful possession of 2,500 bottles of beer. The defendant was convicted upon the first count, acquitted upon the second and has appealed from the judgment.

1. Counsel for defendant complains that upon the trial of [1] this case the court admitted evidence which it had ordered suppressed, but counsel is in error. The record discloses that the court carefully excluded all evidence obtained under the search-warrant proceedings and admitted only evidence of facts discovered by the officers while in the house and before the search-warrant was sought. If the officers had obtained admission to defendant's home by a mere fraudulent pretense, a different question might be presented; but there is not anything in the record which tends to impeach their good faith. Under the circumstances, they were lawfully in the house at the time they discovered the mash, and defendant cannot complain. "He who consents to an act is not wronged by it" (sec. 8744, Rev. Codes), and one who consents that his premises may be searched cannot complain that his constitutional rights have been invaded. (*State ex rel. Muzzy* v. *Uotila,* 71 Mont. 351, 229 Pac. 724; *In re Mobile* (D. C.), 278 Fed. 949; *Smith* v. *McDuffee,* 72 Or. 276, Ann. Cas. 1916D, 947, 142 Pac. 558, 143 Pac. 929; Blakemore on Prohibition, 324; 24 R. C. L. 723.)

2. The evidence of defendant's unlawful possession of intoxi-[2] cating liquor on August 13 was admitted properly. (*State* v. *Hopkins,* 68 Mont. 504, 219 Pac. 1106; *State* v. *Cesar,* 72 Mont. 252, 232 Pac. 1109.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.