STATE, RESPONDENT, *v.* HALE, APPELLANT.
No. 9101.
Submitted January 14, 1952. Decided May 27, 1952.
Rehearing denied November 14, 1952.
249 Pac. (2d) 495.

Mr. Donovan Worden, Sr., and Mr. Donovan Worden, Jr., both of Missoula, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Thomas F. Joyce, Asst. Atty. Gen., Mr. Wesley Castles, Co. Atty., Missoula, for respondent.

Mr. Worden, Sr., Mr. Worden, Jr., Mr. Castles and Mr. Olsen argued orally.

MR. JUSTICE FREEBOURN:

Defendant, charged by information with obtaining $600.70 from Missoula county by false pretense and fraud, was upon trial found guilty by a jury, and by the court sentenced to serve three years in the state prison.

From the judgment of conviction defendant appeals.

Defendant, county surveyor of Missoula county, was also a member and secretary of the Missoula county airport board. With the consent and knowledge of the other airport board members, defendant made claim for and received $600 from the county for work of supervising, planning and preparing plans and specifications for rebuilding the airport runways. This claim was made in the name of the Montana Engineering Company and defendant signed a name not his own, as secretary of such company.

The planning, construction and maintenance of the Missoula county airport are "county functions" and for county "purposes." R. C. M. 1947, sec. 1-822.

Defendant was a Missoula county officer, the county surveyor, on a salary fixed by law. As such county surveyor, under R. C. M. 1947, sec. 16-3302, it was his duty to "make all surveys, establish all grades, prepare plans, specifications, and estimates" for the county.

Section 16-3302 is a general statute relating to all surveys and all grades. Durland v. Prickett, .98 Mont. 399, 39 Pac. (2d) 652.

Defendant's work on the airport runways was work which came within his duties as county surveyor. He was not legally entitled to the $600 claimed for such work for the reason that, "No county officer shall receive for his own use, any fees, penalties or emoluments of any kind, except the salary as provided by law, for any official service rendered by him * * *." R. C. M. 1947, sec 25-201. See State ex rel. Matson v. O'Hern, 104 Mont. 126, 65 Pac. (2d) 619; Peterson v. City of Butte, 44 Mont. 401, 120 Pac. 483; State ex rel Rowe v. District Court, 44 Mont. 318, 119 Pac. 1103; and Grady v. City of Livingston, 115 Mont. 47, 141 Pac. (2d) 346.

Testimony of defendant and other airport board members indicates the $600 claimed was compensation for services actually rendered the county and the method of making such claim was in conformity with advice given by a state examining

officer. If this be true, it would tend to show good faith on the part of defendant and tend to show absence of the criminal intent necessary to establish the crime charged.

R. C. M. 1947, sec. 94-5516, relating to removal of public officers by summary proceedings in part provides: "* * * if the charge be for the charging and collecting of illegal fees or salaries, the trial must be by jury, if the defendant so demands, and conducted in all respects and in the same manner as the trial of an indictment for a misdemeanor, and the defendant shall be entitled, as a matter of defense, to offer evidence of, and the jury under proper instructions shall consider his good faith or honest mistake, if any be shown, and the value received by the state, county, township, or municipality against whom the charges or fees were made."

Under this section of our Codes it is the public policy of this state, in cases where a county officer is charged with collecting illegal fees, that such officer be entitled, as a matter of defense, to offer evidence of his good faith or honest mistake and the value received by the county. State ex rel. Holt v. District Court, 103 Mont. 438, 63 Pac. (2d) 1026.

The information alleges a violation of R. C. M. 1947, sec. 94-1805, and charged defendant "knowingly and designedly," by presenting a "false and fraudulent claim," dated November 16, 1950, "did obtain from said Missoula County the amount of six hundred and 79/100 Dollars."

Over objection another claim, dated November 16, 1950, made ██ by defendant in the amount of $552, for work in rebuilding the airport runways, was allowed in evidence. This was prejudicial error. Evidence of an offense not charged in the information is incompetent and inadmissible. State v. Searle, 125 Mont., 467, 239 Pac. (2d) 995.

Under the charge as laid in the information, instruction No. 10 relating to county officers being interested in contracts, and given over objection, should not have been given.

For the reasons stated the judgment is reversed and the cause remanded to the lower court for a new trial.

MR. CHIEF JUSTICE ADAIR concurs.

MR. JUSTICE METCALF: (concurring).

I concur in remanding the cause for a new trial.

In State v. Searle, 125 Mont., 467, 239 Pac. (2d) 995, 997, evidence of other similar crimes was offered and refused. The prosecution continued to parade witnesses before the jury offering to prove like offenses. In the majority opinion Mr. Justice Angstman concedes that even if the evidence were admissible, it was misconduct to repeatedly continue to offer evidence of the same nature and have repeated rulings excluding it. A detrimental impression is left with the jury and the defendant is deprived of the right of cross-examination. But this court rejected that ground for reversal and chose to declare that evidence of other crimes is inadmissible. The language Mr. Justice Angstman chose is terse, concise and unequivocal. "Since a new trial must be had other questions require consideration and particularly whether evidence of other similar offenses was or is admissible. The rule in this state is that such evidence is incompetent and the court properly ruled against its admissibility. State v. Sauter, 125 Mont., 109, 232 Pac. (2d) 731."

In the dissenting opinion I pointed out that this unqualified statement was "a flat declaration that evidence of other crimes is not admissible for any purpose."

That conclusion was the basis for the dissent. Mr. Justice Angstman then on his own behalf chose to interpret his opinion as applying only to sex crimes, and distinguished State v. Sauter, 125 Mont., 109, 232 Pac. (2d) 731, on the same grounds. In speaking for the majority of the court, Mr. Justice Angstman promulgated an unqualified rule and then in disagreeing with the opinion he had expressed, he personally qualified the rule.

As pointed out in the dissenting opinion in State v. Searle, 125 Mont., 467, 239 Pac. (2d) 995, the fact that State v. Sauter, 125 Mont., 109, 232 Pac. (2d) 731, was a sex crime was immaterial. The evidence of other offenses was not excluded on that basis. In concurring with Mr. Justice Angstman's dissent, I did

not understand the dissent to be directed solely at sex crimes. It was my opinion that State v. Sauter called for an application of the so-called exceptions to the general rule.

Nor is there any justification for treating sex crimes any differently than any other crimes, except in the case of a showing of predisposition. Evidence of a perverted character of the defendant so that he has a predisposition to commit a sex crime should be excluded if it is not admissible to show motive, intent, plan, etc. Such a showing of predisposition would be tantamount to attempting to prove that the defendant must have committed the crime because he is a bad man and has a tendency to commit crime. That kind of evidence is abhorred in any civilized judicial system. But with this exception, and it is not a true exception at all, it is just more apparent in the case of sex crimes. Evidence of the commission of other offenses should meet the test of relevancy and be admitted or excluded upon the basis outlined in my dissent in State v. Searle, supra. I am prepared to return to the rule that I believe to have been the law of this state prior to the Searle decision. But I never consented to one rule for sex criminals and a harsher rule for other criminals and do not do so here. The distinction made by Mr. Justice Angstman between sex crimes and other crimes is invalid and illogical and his conclusion cannot reasonably be drawn from the language of the decisions.

Under the present rules of evidence the evidence of the ██ other offense allegedly committed by defendant Hale should have been excluded and its admission is grounds, for a new trial.

MR. JUSTICE BOTTOMLY, (dissenting).

I dissent.

MR. JUSTICE ANGSTMAN (dissenting).

I think it was proper to receive evidence of the claim dated November 16, 1950, for the purpose of showing plan, purpose, intent, system, motive and guilty knowledge. The cases sus-

taining that view are legion and are cited in the dissenting opinion of Mr. Justice Metcalf in State v. Searle, 125 Mont., 467, 239 Pac. (2d) 995, 1002.

I wrote the majority opinion in the Searle case, but rested it entirely upon State v. Sauter, 125 Mont., 109, 232 Pac. (2d) 731, in which I dissented. I acquiesced in the opinion in the Searle case by accepting the majority opinion in the Sauter case as *stare decisis* when applied to sex crimes. My position in the Searle case was stated at the end of the opinion as follows:

"Having disagreed with the majority opinion in State v. Sauter, 125 Mont., 109, 232 Pac. (2d) 731, I accept the ruling in that case as *stare decisis* when applied to sex crimes, and since I see no substantial distinction between the facts showing plan, design and purpose in that case and those here involved, I think it rules this case."

I thought the majority opinion in the Sauter case was confined to sex offenses because it relied almost wholly on sex cases and I thought the court did not intend to overrule in wholesale fashion the legion of prior cases dealing with other crimes without giving some reason for so doing.

This is the first case which extends the new rule to other than sex crimes. The effect of the majority opinion is to impliedly overrule a long line of cases sanctioning the use of evidence of other and similar crimes for limited purposes. I think the court is in error in so doing and particularly in not giving any reasons for so doing. I think likewise that the giving of instruction No. 10 did not prejudice any substantial right of defendant.

Since this is not merely a proceeding to remove a public officer for charging and collecting illegal fees, I see no purpose in discussing proceedings under R. C. M. 1947, sec. 94-5516. Neither do I agree that if the acts charged were done in confirmity with advice given by a state examining officer that they may be done with impunity.

I think the judgment should be affirmed.